MARY JORDAN, ALPHONSO LITTLE, LEE BROADIE, WALTER WEATHERS, JON CURRY, ROBERT BALEY, THEODORE RANKIN, JOHN WHITE, FLORENCE GEER, SALLY GRIER, ESTHER GAINER, JERRY NIVENS, JAMES EARNHARDT, HELEN BAILEY, NORMAN HUFFMAN, FRANCES STITT, COLA McLEOD, THOMAS HUNTER, RACHEL CAMPBELL, SOPHIE ANTHONY, JANE CANIPE, RICHARD RANKIN, PEGGY CAMPBELL, WILLIE KAY, DAVID EALEY, WILSON JOHNSON, EDWARD BIGGERS, GWENDOLYN SELLERS, GERALD RUDD, BRIAN LOFTY, MICHAEL AGAH, DONNA GEER, MARK KING, CYNTHIA STRONG, JONATHAN BLACKMON, BILLY GASKIN, FRANCIS ERVIN, CLAY DURHAM, RONALD NETH, RANDY HARDIN, LULA JACKSON, ARSONIA BEATTY, WESLEY WITHERS, WARREN PHIFER, JAMES REVELS, KYLE GORDON, VIRGIL HACKER, JOHNNY LOVE, MICHAEL SPEACH, BERNICE JONSTON, GLADYS SHEPARD, ROBERT COLLINS, ARNOLD OSBORNE, DORTHEA THOMPSON, JANET HUNTER, ARNOLD GERADS, SAMMY BELCHER, BILLY NEWTON, RANDALL HARDEN, JAMES CURL, SYLVIA McDANIEL, JAMES NEWTON, JEFFREY McCORKLE, DANIEL SIMPSON, VERA JAMES, TIJA ANDERSON, MELVIN REED, BOBBY KELLY, MICHAEL TALLMAN, MICHAEL WATTS, LAHAI AMADU, ALFRED HANSHAW, GLORIA WALL, ROSEWILL HAYES, CARL CROOK, VERNON ALSBROOKS, JIM COGGINS, VIRGIL OSBOURNE, WANES AUTRY, LEONARD DAVIS, JOSEPH GUTEKANST, CARL SMITH, TERRY FISH, DENNIS GLOVER, STANLEY BREWER, OLEN MOORE, J. C. HAGER, ROBERT McGINNIS, JACK FOX, ROBERT BROWN, RONALD HAGER, ROGER BROWN, CHARLES CAMPBELL, ROBERT MORROW, THEODORE SHERMAN, WALTER JOHNSON, KENNETH DEAVER, RANDY SMITH, MONTERRON COBBS, RICHARD QUEEN, DANA JOHNSON, DEREK SUTTON, CHRISTOPHER RITCHIE, BILLY SIGMON, HENRY RUCKER, RICHARD ARNETT, JR., CURTIS FILLER, WILLIAM RITCHIE, RONALD DOUGLAS, RANDY DUNCON, FRANK ISREAL, JR., TOKO TUMAMBO, CARL BLACK, JONATHAN PERRY, MALANDA MAMBWENI, GARY RITCHIE, DANA PRESSLEY, DONNA BROWN, MARVIN ROBINSON, MALCOLM HODGE, GEORGE ADKINS, JUANITA HUNTLEY, JOEL BERRY, TIMOTHY McCAUSLIN, PANY NOVANSY, BOBBIE COLLINS, RICHARD DULIN, KENNETH MUNGROW, DACE JONES, GLORIA JACKSON, ADOLPHE MOUNKASSA, DIANE MILLER, LARRY PERKINS, RICKIE BROOKS, MICHAEL EDWARDS, PERRY SHEPHERD, WANDA YOUNG, MICHAEL BOST, JOEL ST. GERMAINE, ALFRED TAYLOR, EDWARD NESBIT, JACQUELINE DAVIS, DOROTHERY MASSEY, ALICE OUTLAW, GEORGE OWUSU, TINA BECKHAM, SHARON BELTON, MITCHELL BEST, TONY HARKLEY, ANTWON LOGAN, VALLERY McCLAIN, JESSEE WHITT, WALTER HAGER, MATTHEW ROBINSON, JOSEPH LEE, DEAN TUCKER, DONNIE GRIER, PERNELL PAULING, TERESA BARNES, TODD GOOD, JAMES RITCHIE, DORIS MILLER, TERRY PATE, ANTHONY CHRISTIAN, ALAN PRUNTY, MARSHALL PARKS, RIAN TUCKER, AMY STARNES, EDWIN FAULKNER, RODNEY GADDY, JAMES CARELOCK, GLENN HOPE, CHRIS PAULEY, TONEY HILTON, GLEASON QUIDLEY, CHRIS PAYBORN, JERRY CUNNINGHAM, DONAL HICKELY, ROGER MEEKS, ROGER THOMPSON, OTIS WALKER, ROBERT LEADFORD, HAROLD PHILLIPS, JAMES HOWZE, THONY PAYER, DOMINIQUE SIMPSON, WILLIE HOPE, BILL DOWNY, JAMES CRENSHAW, ED ENOLE, ERIC HARRIS, CHARLES PERRY, JAMES SPY, FRED WILLIAMS, FLOYD LOVE AND TIM HARDEN, AS WELL AS THE ESTATES OF THE FOLLOWING PERSONS NOW DECEASED, WILLIE HENRY, THOMAS QUERNS AND

**JORDAN v. EARTHGRAINS COS.**

[155 N.C. App. 762 (2003)]

MICHAEL LORICK, Plaintiffs v. THE EARTHGRAINS COMPANIES, INC., ANHEUSER-BUSCH, INC. and CAMPBELL TAGGART BAKING COMPANIES, INC. now EARTHGRAINS BAKING COMPANIES, INC., Defendants

No. COA01-1481

(Filed 21 January 2003)

**1. Appeal and Error— preservation of issues—failure to assert at trial—failure to assert in assignments of error**

Although plaintiffs contend in a negligent misrepresentation case that defendants violated N.C.G.S. § 1A-1, Rule 12(a)(2) by failing to file an answer upon remand and that therefore all allegations of plaintiffs' complaint are deemed true, plaintiffs have waived the right to argue this issue on appeal because plaintiffs did not raise this issue before the trial court nor did plaintiffs designate the alleged violation in their assignments of error in the record on appeal.

**2. Corporations; Fraud— negligent misrepresentation— director of corporation—fiduciary duty**

The trial court did not err in a negligent misrepresentation case by granting summary judgment in favor of defendants based on allegations that a director of a corporation breached a fiduciary duty to employees of the corporation by informing them that the plant was profitable and their jobs were secure because: (1) plaintiffs failed to show that the president and chief financial executive officer of the corporation owed a duty to report accurate information about the pertinent plant's financial status when the president as director of a corporation only owed a duty of care to the corporation and not to individual employees; and (2) plaintiffs failed to show that the president was offering plaintiffs guidance in a business transaction, that the alleged information was false, that defendants had a pecuniary interest in inducing plaintiffs to continue employment, or that plaintiffs were justified in relying on the alleged information.

Appeal by plaintiff from order entered 10 June 2001 by Judge Catherine C. Eagles in Mecklenburg County Superior Court. Heard in the Court of Appeals 16 October 2002.

*Pamela A. Hunter and N. Clinton Cannon, Jr., for plaintiff-appellants.*

*Fisher & Phillips, LLP, by Anderson B. Scott and Hutson, Hughes & Powell, P.A., by James H. Hughes, for defendant-appellees.*

TIMMONS-GOODSON, Judge.

Mary Jordan, et al (hereinafter referred to collectively as "plaintiffs") appeal from an order of the trial court granting summary judgment in favor of The Earthgrains Company, Anheuser-Busch, Inc., and Campbell Taggart Company (hereinafter collectively, "defendants"). For reasons stated herein, we affirm the trial court's decision.

An examination of the pleadings, exhibits, and depositions filed in response to defendants' summary judgment motion, considered in the light most favorable to plaintiff, tends to show the following: The Earthgrains Company ("Earthgrains") is a national baking company operating several plants nationwide, including a plant located in Charlotte, North Carolina. Earthgrains is owned by Campbell Taggart Baking Companies, Inc. ("Campbell"), which in turn is a wholly-owned subsidiary of Anheuser-Busch Companies ("Anheuser").

In 1993, Barry Beracha ("Beracha") was hired as Chief Executive Officer of Campbell. In 1995, Anheuser decided to "spin-off" Campbell's common stock by distributing it to Anheuser shareholders. This plan would allow Campbell to become an independent publicly-owned company. On 1 August 1995, Beracha traveled to the Charlotte plant to conduct a meeting regarding the status of the Charlotte plant ("the August 1995 meeting"). At that time, plaintiffs were employed at the Charlotte plant operated by Earthgrains. The August 1995 meeting and the events following the meeting are the basis for three lawsuits filed by plaintiffs.

During the August 1995 meeting, plaintiffs questioned Beracha about job security and the economic status of the Charlotte plant. According to plaintiffs, Beracha reported that the Charlotte plant was profitable and that their jobs were secure. However, according to defendants, Beracha was asked if any jobs would be lost as a result of the spin-off of common stock to defendants' shareholders. Defendants contend that Beracha reported that the Charlotte plant would not close and plaintiffs would not lose their jobs as a result of the spin-off procedure.

**JORDAN v. EARTHGRAINS COS.**

[155 N.C. App. 762 (2003)]

On 6 December 1995, plaintiffs were notified that the Charlotte plant would close in February 1996. Plaintiffs filed a class action lawsuit on 24 February 1997 in federal court alleging Title VII violations and contending that statements made by Beracha in the August 1995 meeting constituted fraudulent misrepresentation. Defendants were granted summary judgment, a decision which was eventually affirmed by the United States Court of Appeals for the Fourth Circuit. On 9 February 1999, plaintiffs filed a second lawsuit in federal court, but later dismissed the action.

On 3 May 2000, plaintiffs filed a lawsuit in Mecklenburg County Superior Court alleging negligent misrepresentation. In the complaint, plaintiffs contended that the statements made by Beracha in the August 1995 meeting led them to believe that the Charlotte plant was profitable and that plaintiffs' jobs were secure. Plaintiffs further allege that at the time of the August 1995 meeting, Beracha knew that the operating costs of the Charlotte plant far exceeded its revenue, but that Beracha failed to inform them of this fact.

Defendants thereafter filed a motion for summary judgment which came before the trial court on 19 June 2001. Upon review of the evidence and argument by counsel, the trial court granted defendants' motion for summary judgment on 10 July 2001. Plaintiffs appeal.

---

Plaintiffs argue that the trial court erred in granting summary judgment in favor of defendants when (1) there are genuine issues of material fact for a claim of negligent misrepresentation, (2) their claim for negligent misrepresentation was not barred by collateral estoppel or *res judicata*, and (3) plaintiffs were not subject to a collective bargaining agreement. For the reasons stated herein, we disagree.

**[1]** We first note that plaintiffs argue extensively in each assignment of error that defendants violated Rule 12(a)(2) of the North Carolina Rules of Civil Procedure by failing to file an answer upon remand. From this argument, plaintiffs reason that "because . . . [d]efendants failed to file an [a]nswer, all factual allegations of [p]laintiffs' [c]omplaint are deemed true." Plaintiffs then contend that defendants do not dispute their claim for negligent misrepresentation because they "failed to file an answer." Plaintiffs did not raise this issue before the trial court, however, nor did plaintiffs designate the alleged violation in their assignments of error in the record on appeal. Having

failed to preserve this alleged error, plaintiffs have waived the right to argue on appeal that defendants failed to file an answer. *See* N.C.R. App. P. (10)(b)(1) (2002).

[2] Plaintiffs argue that the trial court erred in granting summary judgment in favor of defendants. Plaintiffs contend that genuine issues of material fact exist for a claim of negligent misrepresentation.

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001). The party moving for summary judgment must "clearly demonstrate the lack of any triable issue of fact and entitlement to judgment as a matter of law." *Marcus Bros. Textiles, Inc. v. Price Waterhouse, LLP,* 350 N.C. 214, 220, 513 S.E.2d 320, 324 (1999). In reviewing a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing the motion. *Id.*

Plaintiffs argue that genuine issues of material fact exist concerning their claim for negligent misrepresentation. It is well established that "the tort of negligent misrepresentation occurs when (1) a party justifiably relies (2) to his detriment (3) on information prepared without reasonable care (4) by one who owed the relying party a duty of care." *Raritan River Steel Co. v. Cherry, Bekaert & Holland,* 322 N.C. 200, 206, 367 S.E.2d 609, 612 (1988), *reversed on other grounds,* 329 N.C. 646, 407 S.E.2d 178 (1991). Generally, directors of a corporation owe a fiduciary duty to the corporation. *Keener Lumber Co. v. Perry,* 149 N.C. App. 19, 26, 560 S.E.2d 817, 822, *disc. review denied,* 356 N.C. 164, 568 S.E.2d 196 (2002). When there are allegations that a director of a corporation has breached a fiduciary duty, the action is properly maintained by the corporation. *Id.*

Therefore, in order to show error, plaintiffs in the instant case must be able to show that Beracha owed plaintiffs a duty of care, which was breached, and that they justifiably relied on the alleged misrepresentations made by Beracha. Viewing the evidence in the light most favorable to plaintiffs, there are no genuine issues of material fact concerning the essential elements of duty of care, breach of duty and justifiable reliance, and defendants are entitled to judgment as a matter of law. Thus, plaintiffs' claims could not withstand a summary judgment motion.

In the instant case, plaintiffs fail to show that Beracha owed a duty to report accurate information about the Charlotte plant's financial status. The evidence tends to show that Beracha is the president and chief executive officer of Campbell. In his position as the director of a corporation, Beracha only owed a duty of care to the corporation and not to individual employees. Therefore, plaintiffs fail to show that Beracha owed them a duty of care, which is an essential element of negligent misrepresentation.

Plaintiffs further argue that even if Beracha was "under no duty to speak, when he did speak he was under a duty to give competent information and plaintiffs were justified in relying on Beracha's statements." We disagree.

In *Simms v. Prudential Life Ins. Co. of Am.*, 140 N.C. App. 529, 537 S.E.2d 237 (2000), *disc. review denied*, 353 N.C. 381, 547 S.E.2d 18 (2001), a corporation's president and chief operating officer informed potential stock buyers that the corporation could emerge from bankruptcy reorganization as a revitalized entity, and that an investment in the corporation could be valuable and profitable. This Court held that the buyers of stock in the corporation could not recover on a theory of negligent misrepresentation after their stock lost its value because neither the president nor the corporation was in the business of giving financial advice, and the president did not obtain a pecuniary gain from the investment. *Id.* at 534, 537 S.E.2d at 241. The *Sims* Court defined a breach of duty owed in negligent misrepresentation as:

> ". . . One who, in the course of his business, profession or employment, or in any other transaction in which he *has a pecuniary interest*, supplies false information for the guidance of others in *their business transactions*, [and thus] is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."

*Id.* (quoting *Marcus Bros. Textiles Inc.*, 350 N.C. at 218, 513 S.E.2d at 323-24.

In the case at bar, plaintiffs fail to show that (1) Beracha was offering them guidance in a business transaction; (2) that the alleged information was false; (3) that defendants had a pecuniary interest in inducing plaintiffs to continue employment; or (4) that plaintiffs were justified in relying on the alleged information. The evidence tends to

show that plaintiffs and defendants were not engaged in a business transaction; however, Beracha's visit to the Charlotte plant was shortly after the public announcement of the spin-off of stock by defendants, and plaintiffs were concerned with how the spin-off would affect the Charlotte plant. During the meeting, plaintiffs and Beracha discussed the spin-off and Beracha informed plaintiffs that the spin-off did not affect the Charlotte plant. Plaintiffs offer no evidence to the contrary, but merely contend that Beracha reported to them that the Charlotte plant was profitable. The record further reveals that after a study commission reviewed the operation of the Charlotte plant, the committee recommended that the Charlotte plant be closed. Beracha approved the committee's recommendation on 16 November 1995, which was approximately four months after the August 1995 meeting. Therefore, Beracha could not provide false information regarding the Charlotte plant's closure and thus could not breach any alleged duty owed to plaintiffs.

Assuming, *arguendo*, that plaintiffs' claims are true, they fail to show that defendants had a pecuniary interest by allegedly informing plaintiffs that the Charlotte plant was profitable. Plaintiffs fail to claim that Beracha's alleged representations were calculated or made with the intent to deceive plaintiffs. A further review of the record reveals that consistent with obligations under the National Labor Relations Act, defendants, represented by the International Brotherhood of Teamsters Local Union 71, negotiated with the union concerning the terms and arrangements for the Charlotte plant's closure. The agreement contained a special bonus package not mandated by the collective bargaining agreement. Assuming, as argued by plaintiffs, that Beracha knew the Charlotte plant was not profitable, defendants would obviously lose money by advising plaintiffs to continue employment, close the plant, and then negotiate a bonus package for plaintiffs. The union agreement is inconsistent with plaintiff's argument that defendants obtained a pecuniary interest by inducing plaintiffs to continue employment with defendants. Without the essential element that defendants breached an alleged duty of care, plaintiffs' claim for negligent misrepresentation must fail.

Additionally, plaintiffs fail to show justifiable reliance. Plaintiffs contend that it was "reasonable" for them to conclude that Beracha conducted "all necessary investigations regarding the profitability" of the Charlotte plant in preparation of the August 1995 meeting. Plaintiffs offer no further evidence to establish that they relied on the representations made by Beracha to their detriment.

CHAVIS v. THETFORD PROP. MGMT., INC.

[155 N.C. App. 769 (2003)]

"Justifiable reliance is an element of negligent misrepresentation in North Carolina." *APAC-Carolina, Inc. v. Greensboro-High Point Airport Authority*, 110 N.C. App. 664, 680, 431 S.E.2d 508, 517 (1993). The evidence tends to show that plaintiffs offer no evidence that they relied on Beracha's statements or that such reliance was justified. Therefore, we conclude that any reliance by plaintiffs was not justified for several reasons. First, plaintiffs failed to inspect financial information posted inside the Charlotte plant. Second, plaintiffs failed to show that they declined any job offers in order to remain with defendants based on comments made at the August 1995 meeting. Third, Beracha did not know in the August 1995 meeting that the commission study would recommend the closure of the Charlotte plant.

Since essential elements of negligent misrepresentation are absent in this case, we conclude the trial court did not err in granting summary judgment in favor of defendants.

In light of the foregoing, we decline to address plaintiffs' remaining assignments of error.

Affirmed.

Judge WYNN concurs.

Judge THOMAS concurred in the opinion prior to 31 December 2002.