NORTH CAROLINA CONCRETE FINISHERS, INC. D/B/A S&R CONCRETE, PLAINTIFF V. NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, INC., DEFENDANT

No. COA09-687

(Filed 2 February 2010)

**1. Appeal and Error— appellate rules violations—documents attached to brief not part of record on appeal—motion to strike granted**

Plaintiff violated N.C. R. App. P. 9, 11, and 28 by attaching two documents to its brief that were not part of the record on appeal, and defendant's motion to strike these documents was granted.

N.C. CONCRETE FINISHERS, INC. v. N.C. FARM BUREAU MUT. INS. CO.

[202 N.C. App. 334 (2010)]

**2. Appeal and Error— preservation of issues—new factual allegations improper**

Plaintiff's new factual allegations in its statement of facts that were not included in its complaint were not properly asserted on appeal.

**3. Contracts; Insurance— breach of contract—judgment on pleadings—failure to state claim**

A *de novo* review revealed the trial court did not err in a breach of contract case by granting judgment on the pleadings in favor of defendant insurer because the allegations failed to state a claim for coverage for damages caused by a flood under the pertinent insurance policy.

**4. Appeal and Error— preservation of issues—failure to include order denying motion in record**

Although plaintiff contends the trial court erred by failing to allow plaintiff's motion for leave to amend its complaint, this assignment of error was dismissed because plaintiff failed to preserve this issue for appellate review under N.C. R. App. P. 10. The record did not include an order denying plaintiff's motion nor an appeal from such order.

Appeal by Plaintiff from order entered 18 March 2009 by Senior Resident Superior Court Judge E. Lynn Johnson in Cumberland County Superior Court. Heard in the Court of Appeals 29 October 2009.

*Lewis, Deese & Nance, LLP, by James R. Nance, Jr., for Plaintiff-Appellant.*

*Anderson, Johnson, Lawrence, Butler & Bock, L.L.P., by Michael R. Porter, for Defendant-Appellee.*

BEASLEY, Judge.

Plaintiff (North Carolina Concrete Finishers, Inc., d/b/a S&R Concrete) appeals from judgment on the pleadings entered in favor of Defendant (North Carolina Farm Bureau Mutual Insurance Company). We affirm.

Plaintiff is a North Carolina corporation. In 2008 Plaintiff purchased from Defendant "an Inland Marine Policy insuring a 2006 Bobcat Track Loader" that "provided coverage for the Track Loader

N.C. CONCRETE FINISHERS, INC. v. N.C. FARM BUREAU MUT. INS. CO.

[202 N.C. App. 334 (2010)]

effective March 30, 2008 through March 30, 2011[.]" In July 2008 Plaintiff filed a claim under the policy for damages to the Bobcat. The parties agree that the policy was in effect on 17 July 2008, the date that Plaintiff alleges the Loader was damaged, and that the "perils covered" under the policy include, in relevant part, coverage for "direct physical loss to covered property caused by . . . Flood. This means the overflow of a river, stream or other body of water." However, the parties disagree about whether the policy coverage for damage caused by "flood" includes the factual circumstances alleged by Plaintiff.

Defendant denied Plaintiff's claim, and on 15 September 2008 Plaintiff filed suit against Defendant, alleging breach of contract and seeking damages. Defendant answered on 18 November 2008, denying the material allegations of Plaintiff's complaint, asserting a counterclaim for declaratory judgment, and moving for judgment on the pleadings. On 13 March 2009 Plaintiff moved to amend its complaint. Following a hearing on Defendant's motion for judgment on the pleadings, the trial court on 18 March 2009 entered an order granting judgment on the pleadings for Defendant. From this order, Plaintiff appeals.

## Standard of Review

Defendant appeals from an order granting judgment on the pleadings. "A motion for judgment on the pleadings is authorized by Rule 12(c) of the North Carolina Rules of Civil Procedure. N.C. Gen. Stat. § 1A-1, Rule 12(c) [2009]. 'The rule's function is to dispose of baseless claims or defenses when the formal pleadings reveal their lack of merit.' " *Garrett v. Winfree*, 120 N.C. App. 689, 691, 463 S.E.2d 411, 413 (1995) (quoting *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974)). Judgment on the pleadings is properly entered only if "all the material allegations of fact are admitted[,] . . . only questions of law remain" and no question of fact is left for jury determination. *Ragsdale*, 286 N.C. 137, 209 S.E.2d at 499.

"In deciding such a motion, the trial court looks solely to the pleadings. The trial court can only consider facts properly pleaded and documents referred to or attached to the pleadings." *Reese v. Mecklenburg County*, —— N.C. App. ——, ——, 685 S.E.2d 34, 37-38 (2009) (citing *Wilson v. Development Co.*, 276 N.C. 198, 206, 171 S.E.2d 873, 878 (1970)). "This Court reviews *de novo* a trial court's ruling on motions for judgment on the pleadings. Under a *de novo* standard of review, this Court considers the matter anew and freely

N.C. CONCRETE FINISHERS, INC. v. N.C. FARM BUREAU MUT. INS. CO.

[202 N.C. App. 334 (2010)]

substitutes its own judgment for that of the trial court." *Reese,* ——
N.C. App. at ——, 685 S.E.2d at 38 (citing *Toomer v. Branch Banking
& Trust Co.,* 171 N.C. App. 58, 66, 614 S.E.2d 328, 335 (2005)).

<u>Scope of Review</u>

**[1]** The trial court entered judgment on the pleadings on 18 March
2009, and Plaintiff filed notice of appeal on 1 April 2009. Plaintiff
served Defendant with its proposed Record on Appeal on 20 April
2009. On 22 May 2009 the parties "stipulate[d] that the documents
submitted to the court constitute the full and complete Record on
Appeal to the North Carolina Court of Appeals in this action."
Plaintiff filed its appellant brief in this Court on 13 July 2009. Plaintiff
attached to its brief two documents that are not part of the record: (1)
a copy of an unfiled memorandum prepared by the trial court, and (2)
photocopies of two photographs. On 11 August 2009 Defendant filed
a "Motion to strike documents improperly attached to plaintiff-appel-
lant's brief." Defendant argues that Plaintiff violated N.C. R. App. P. 9,
11, and 28 of the North Carolina Rules of Appellate Procedure by
attaching documents that "were not a part of the Record on Appeal
which was settled between the parties." We agree.

N.C. R. App. P. 9 provides in relevant part:

(a) In appeals from the trial division of the General Court of
Justice, review is solely upon the record on appeal, the ver-
batim transcript of proceedings, if one is designated, . . . and
any [other] items filed with the record on appeal pursuant to
Rule 9© and 9(d). Parties may cite any of these items in their
briefs and arguments before the appellate courts.

"Pursuant to the North Carolina Rules of Appellate Procedure, our
review is limited to the record on appeal . . . and any other items filed
with the record in accordance with Rule 9(c) and 9(d)." *Kerr v. Long,*
189 N.C. App. 331, 334, 657 S.E.2d 920, 922 (2008).

The Court of Appeals can judicially know only what appears of
record. . . . Matters discussed in a brief but not found in the
record will not be considered by this Court. It is incumbent upon
the appellant to see that the record is properly made up and
transmitted to the appellate court.

*West v. Reddick, Inc.,* 48 N.C. App. 135, 137, 268 S.E.2d 235, 236
(1980), *rev'd on other grounds,* 302 N.C. 201, 274 S.E.2d 221 (1981)
(citation omitted). In the instant case, the documents attached as

N.C. CONCRETE FINISHERS, INC. v. N.C. FARM BUREAU MUT. INS. CO.

[202 N.C. App. 334 (2010)]

appendices to Plaintiff's brief are not part of the Record on Appeal. Accordingly we grant Defendant's motion and do not consider these documents in our review of the trial court's order.

[2] We also observe that Plaintiff adds new factual allegations in its statement of facts and its arguments that were not a part of its complaint. Specifically, in its statement of facts Plaintiff asserts that water from a retention pond "overflowed into the construction site." Plaintiff cites its proposed Amendment to its complaint as the basis for this allegation. However, the court did not grant Plaintiff's motion to amend its complaint. Plaintiff's underline complaint does not allege that any river, creek, or other body of water overflowed. Nor does Plaintiff allege that customarily dry land was covered or "inundated" with water. Nonetheless, in its brief, Plaintiff alleges that:

> the construction site itself is not typically covered with water, but became so covered, or inundated with water, on the date of the covered event. The overtopping of the retention pond that flows onto other properties, as seen in Appendix B, fits within the definition of a flood.

Plaintiff's new allegations, that the construction site became covered or "inundated" with water due to the "overtopping" of a retention pond that flowed onto other properties, were not included in Plaintiff's complaint and are not properly asserted on appeal. In our review of the trial court's order, we consider only those allegations contained in Plaintiff's complaint.

[3] Plaintiff argues that the trial court erred by entering judgment on the pleadings for Defendant, on the grounds that the allegations of its complaint are sufficient to withstand a challenge under Rule 12(c). We disagree.

Plaintiff's complaint alleged, in relevant part, the following regarding the circumstances under which its Bobcat was damaged:

> 5. That on or about July 17, 2008, the Plaintiff's Bobcat was being utilized on a job in Cumberland County, North Carolina, and became mired in the mud, sinking down to where the equipment could not be readily removed; while mired down in said condition, water from a retention pond seeped around said equipment while the Plaintiff and others were in the process of trying to extricate the equipment from its location.

N.C. CONCRETE FINISHERS, INC. v. N.C. FARM BUREAU MUT. INS. CO.

[202 N.C. App. 334 (2010)]

6. That the seeping water surrounded the vehicle causing damage to the engine and equipment to the extent that the Plaintiff suffered damages in a sum in excess of $10,000.00.

The issue presented by Defendant's motion for judgment on the pleadings was whether these allegations state a claim for damages caused by a flood, as defined in the policy. We conclude that Plaintiff's allegations fail to state a claim for coverage under the policy.

Plaintiff argues that the trial court "went beyond the plain language of the policy" and applied an erroneous "construction" of the term "flood." This argument is based upon Plaintiff's assertions regarding the legal significance of the memorandum attached to its brief. As discussed above, we have stricken this memorandum from Plaintiff's brief. Therefore, we do not consider Plaintiff's arguments regarding the memorandum.

Plaintiff acknowledges that the policy defines a flood as "the overflow of a river, stream or other body of water," but asserts that the proper "legal" definition of a flood is that found in BLACK'S LAW DICTIONARY (5th ed. 1979): "[a]n innundation of water over land not usually covered by it." Plaintiff cites no authority for the use of a definition of "flood" other than the definition in the policy. Moreover, Plaintiff's complaint <u>does not allege</u> "an innundation of water over land not usually covered by it." Plaintiff alleges only that (1) its Bobcat Loader got stuck or "mired" in mud and (2) that before Plaintiff could haul it out of the mud, water "seeped" around the loader. We conclude that Plaintiff failed to allege facts that would permit recovery for a loss caused by flood.

Plaintiff correctly notes that, in ruling on a motion for judgment on the pleadings, the factual allegations of Plaintiff's complaint are assumed to be true. On this basis, Plaintiff contends that the trial court was required to accept as true its assertion that its claimed loss was caused by "one of the perils covered under the policy." In ruling on a motion for judgment on the pleadings, "[a]ll allegations in the nonmovant's pleadings, <u>except conclusions of law</u>, legally impossible facts, and matters not admissible in evidence at the trial, are deemed admitted by the movant for purposes of the motion." *Ragsdale*, 286 N.C. at 137, 209 S.E.2d at 499 (emphasis added). Plaintiff's allegation, that its loss was covered by the policy, is a legal conclusion which the court properly determined *de novo*.

We conclude that the trial court did not err by determining that Plaintiff's complaint did not state a claim for a loss covered by the policy. This assignment of error is overruled.

[4] Plaintiff also argues that the trial court erred by failing to allow Plaintiff's motion for leave to amend its complaint. The record does not include an order denying Plaintiff's motion, nor an appeal from such order.

N.C. R. App. P. 10 provides in part that:

(b) (1) In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make[.] . . . It is also necessary for the complaining party to obtain a ruling upon the party's request, objection, or motion.

We conclude that Plaintiff failed to preserve this issue for appellate review. This assignment of error is dismissed.

For the reasons discussed above, we conclude that the trial court did not err by granting judgment on the pleadings for Defendant and that its order should be

Affirmed.

Judges STEPHENS and STROUD concur.