IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-692

No. COA21-221

Filed 21 December 2021

Buncombe County, No. 20 CVS 1264

DAVID RUSSELL ROBERSON, Plaintiff,

v.

TRUPOINT BANK, Defendant.

Appeal by plaintiff from order entered 4 November 2020 by Judge Marvin P. Pope in Buncombe County Superior Court. Heard in the Court of Appeals 17 November 2021.

*Asheville Legal, by Annabelle M. Chambers and Jake A. Snider, and Robinson & Lawing, LLP, by H. Brent Helms, for plaintiff-appellant.*

*McGuire, Wood & Bissette, PA, by Joseph P. McGuire, for defendant-appellee.*

TYSON, Judge.

¶ 1        David Roberson ("Plaintiff") appeals an order by the trial court granting TruPoint Bank's ("Defendant") motion for judgment on the pleadings. We affirm.

## I.   Background

¶ 2        Plaintiff was self-employed in real estate management. He owned and managed two rental homes in North Carolina and a commercial property located in Alabama. Plaintiff was in the process of purchasing a residential property in

Washington, D.C.

¶ 3        Plaintiff approached Defendant to apply for a home equity line of credit ("HELOC") for the Washington D.C. home purchase in early May 2019. Plaintiff withdrew $670,000 from his Individual Retirement Account ("IRA") to fund the purchase of the real property on 9 May 2019, based upon asserted assurances from Defendant's loan officer that the loan would be approved. Plaintiff applied for the loan from Defendant to give himself an option for replacing funds from the IRA withdrawal within the sixty-day grace period. Plaintiff understood that if he did not replace the IRA funds within sixty days, the withdrawal would be treated as ordinary income, and he would incur substantial tax penalties and liability.

¶ 4        Plaintiff submitted his loan application to Defendant on 13 May 2019. The loan application asserted Plaintiff maintained liquid assets of $930,000 and owned real properties valued at $2,675,000. Plaintiff informed Defendant of the sixty-day deadline and that he would incur a substantial tax consequence if Plaintiff did not timely replace the withdrawn IRA funds.

¶ 5        Defendant's loan officer informed Plaintiff that he had applied for a residential loan on his primary residence, and not technically a HELOC. Two days later, Defendant's loan processor informed Plaintiff that the confusion over the loan he had applied for had been rectified. Defendant advised Plaintiff that its underwriter would not approve the HELOC on 13 June 2019.

Defendant's loan officer offered to make Plaintiff a $670,000 residential mortgage loan on 17 June 2019. Plaintiff declined this loan because the offer purportedly required Plaintiff to commit to the loan within seven hours of receiving the offer and the loan was subject to unwanted conditions.

Defendant informed Plaintiff his HELOC had not closed because of an incomplete loan application and because Defendant did not make HELOC loans in excess of $250,000. Plaintiff brought this action for negligent misrepresentation and fraud to recover the damages he had incurred. The trial court granted Defendant's motion for judgment on the pleadings. Plaintiff appeals.

## II.    Jurisdiction

Plaintiff's appeal is properly before this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2019).

## III.    Issue

Plaintiff argues the trial court erred in granting Defendant's motion for judgment on the pleadings.

## IV.    Argument

### A. Standard of Review

"This Court reviews *de novo* a trial court's ruling on motions for judgment on the pleadings. Under a *de novo* standard of review, this Court considers the matter anew and freely substitutes its own judgment for that of the trial court." *N.C.*

*Concrete Finishers, Inc. v. N.C. Farm Bureau Mut. Ins. Co.*, 202 N.C. App. 334, 336-337, 688 S.E.2d 534, 535 (2010) (citations omitted).

## B. Judgment on the Pleadings

¶ 10    Plaintiff's allegations and any permissible inferences thereon must be treated as true and viewed in the light most favorable to the non-moving party. *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974). "[A]ll contravening assertions in the movant's pleadings are taken as false." *Id.*

¶ 11    If any material issue of fact exists or if defendant is not clearly entitled to judgment as a matter of law, the trial court errs by granting defendant's motion. *Id.* A judgment on the pleadings is final, and each "motion must be carefully scrutinized lest the nonmoving party be precluded from a full and fair hearing on the merits." *Id.*

## V.    Negligent Misrepresentation

¶ 12    "[T]he tort of negligent misrepresentation occurs when a party justifiably relies to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care." *Bob Timberlake Collection, Inc. v. Edwards*, 176 N.C. App. 33, 40, 626 S.E.2d 315, 321 (2006) (citation omitted).

¶ 13    Our Supreme Court clearly stated: "[g]enerally, the home loan process is regarded as an arm's length transaction between parties of equal bargaining power and, absent exceptional circumstances, will not give rise to a fiduciary duty." *Dallaire v. Bank of Am., N.A.,* 367 N.C. 363, 364, 760 S.E.2d 263, 264 (2014).

¶ 14    "[A] lender is only obligated to perform those duties expressly provided for in the loan agreement to which it is a party." *Camp v. Leonard*, 133 N.C. App. 554, 560, 515 S.E.2d 909, 913 (1999).  In the absence of a binding loan agreement, Defendant owes no duty to Plaintiff. *See Lassiter v. Bank of N.C.*, 146 N.C. App. 264, 268,  551 S.E.2d  920,  923  (2001)  (lender  owed  borrower  no  duty  to  inspect house being built with loan proceeds); *Perry v. Carolina Builders Corp.*, 128 N.C. App. 143, 150, 493 S.E.2d 814, 818 (1997) (lender owed no duty to ensure loan proceeds were used for a specific purpose in the absence of an express contract provision); *Carlson v. Branch Banking & Trust Co.*, 123 N.C. App. 306, 315, 473 S.E.2d 631, 637 (1996) (defendant bank was entitled to a directed verdict on a noncustomer's claim of the bank's negligent disbursement of loan funds).

¶ 15    Plaintiff was a first-time loan applicant with Defendant and never became a borrower or customer of Defendant.   The loan process was a professional business negotiation in which Defendant had no obligation to look out for Plaintiff's interests, especially given that Plaintiff was an experienced real estate investor.   Plaintiff argues Defendant informed him he had applied for a residential loan on his primary residence, "and not technically a HELOC," even though he had allegedly made it clear to Defendant he wanted a HELOC.   Plaintiff incorrectly presumes Defendant incurred a legal duty to ensure he understood the loan application that he signed. *See Lassiter,* 146 N.C. App. at 268, 551 S.E.2d at 923. *See also Raper v. McCrory-McLellan*

*Corp.*, 259 N.C. 199, 204, 130 S.E.2d 281, 284 (1963) (stating "[t]he standard is always the conduct of the reasonably prudent man. The rule is constant, while the degree of care which a reasonably prudent man exercises, or should exercise, varies with the exigencies of the occasion." (citations omitted).

¶ 16    The loan negotiations did not reach final agreement, and no binding obligation was executed of which an actual borrower might complain.  Plaintiff acknowledges any lack of full and fair disclosure by Defendant was corrected during the parties' negotiations.  Reviewed in the light most favorable to Plaintiff, Defendant "rectified" any confusion and provided Plaintiff with "an additional document to sign for a HELOC, which [Plaintiff] signed."  Upon rectifying its "mistakes," Defendant offered Plaintiff a conventional residential loan for the amount he needed, which Plaintiff declined.

¶ 17    This Court has affirmed entry of summary judgment for a defendant upon a negligent representation claim, after finding no genuine issues of material facts concerning the essential elements of duty of care, breach of duty, and any justifiable reliance. *Jordan v. Earthgrains Cos.*, 155 N.C. App. 762, 766, 576 S.E.2d 336 (2003). There, "the plaintiffs and defendants were not engaged in a business transaction." *Id.* at 768, 576 S.E.2d at 340.  There, as here, the plaintiff argued "even if [defendant] was 'under no duty to speak, when he did speak, he was under a duty to give competent information and plaintiffs were justified in relying on [defendant's]

statements." *Id.* at 767, 575 S.E.2d at 339.

This Court expressly disagreed with that assertion. The plaintiff in *Jordan* failed to show: (1) defendant was offering plaintiffs "guidance in a business transaction;" (2) the alleged information was false; (3) "defendants had a pecuniary interest in inducing plaintiffs to continue employment;" or, (4) "plaintiffs were justified in relying on the alleged information." *Id.* at 767, 576 S.E.2d at 340. Here, like in *Jordan*, Plaintiff has failed to allege facts to support his claim for negligent misrepresentation. His arguments are overruled.

## VI.    Failure to Allege Fraud with Particularity

Rule 9(b) of the North Carolina Rules of Civil Procedure requires "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." N.C. Gen. Stat. § 1A-1, Rule 9(b) (2019). "[I]n pleading actual fraud, the particularity requirement is met by alleging time, place[,] and content of the fraudulent representations." *Terry v. Terry*, 302 N.C. 77, 85, 273 S.E.2d 674, 678 (1981). Dismissal of a claim for failure to plead with particularity is proper where "no facts whatsoever setting forth the time, place, or specific individuals who purportedly made the misrepresentations[.]" C*oley v. Bank*, 41 N.C. App. 121, 125, 254 S.E.2d 217, 220 (1979).

Plaintiff alleges Defendant assured him on "repeated occasions" that his loan "would go through." He fails to allege when and where those assurances were made.

Plaintiff also alleges both Defendant and its loan officer had encouraged him to apply for a $750,000 HELOC. Plaintiff fails to allege when, where and how such encouragement occurred. Such allegations are insufficient to allege fraud with particularity as is required by Rule 9(b). Plaintiff's arguments are overruled.

## A. Defendant's Assurances

Plaintiff argues Defendant was negligent in its verbal assurances of the loan amount and timeline. Even broadly construed in the light most favorable to Plaintiff, his complaint fails to allege any specific misrepresentation of a subsisting or ascertainable fact. Defendant's purported assurances that a "loan would go through" relate to prospective events and are insufficient to state a claim for fraud. *See Moore v. Trust Co.*, 30 N.C. App. 390, 391, 226 S.E.2d 833, 835 (1976) ("[m]ere generalities and conclusory allegations of fraud will not suffice."). Plaintiff's claims for negligent misrepresentation have no merit and are overruled.

## B. Fraud

Plaintiff's complaint asserts a claim of fraud against Defendant. "The elements of a civil cause of action for fraud are (1) a false representation or concealment of a material fact (2) that is reasonably calculated to deceive (3) made with intent to deceive (4) which does in fact deceive and (5) results in damage to the injured party." *Charlotte Motor Speedway, LLC v. Cnty. of Cabarrus*, 230 N.C. App. 1, 10, 748 S.E.2d 171, 178 (2013) (citation omitted). A claim for fraud may be based either upon

an "affirmative misrepresentation of a material fact, or a failure to disclose a material fact relating to a transaction which the parties had a duty to disclose." *Hardin v. KCS Int'l, Inc.*, 199 N.C. App. 687, 696, 682 S.E.2d 726 (2009) (citation omitted).

¶ 23    In *Hoyle v. Bagby*, 253 N.C. 778, 781, 117 S.E.2d 760, 762 (1961), our Supreme Court stated, "[t]he promise at the time made was for a future fulfillment. It may have been made in good faith. The promise to pay was not based on any false statement of an existing fact. The complaint falls short of alleging fraud."

¶ 24    Here, "[t]he promise to [loan] was not based on any false statement of an existing fact." *Id.*  Plaintiff fails to allege the materiality of a HELOC.  There is no allegation of why he required a HELOC to repay funds into his IRA.  Plaintiff fails to allege any substantive basis for his rejection of the conventional loan he was offered. He alleges he was given only seven hours to decide whether to accept Defendant's offer and asserts the proposed loan was subject to onerous conditions.  Given his past conversations and negotiations with Defendant, Plaintiff fails to allege why he reasonably could not review and commit within seven hours, or what other "onerous conditions" were attached to the loan.

## VII.    Reliance

¶ 25    "[W]here the facts are insufficient as a matter of law to constitute reasonable reliance on the part of the complaining party, the complaint is properly dismissed under Rule 12(b)(6)." *Stunzi v. Medlin Motors, Inc.*, 214 N.C. App. 332, 341, 714

S.E.2d 770, 777 (2011) (citation omitted).

Plaintiff is an experienced real estate professional, who has bought, sold, owned, and financed several properties. Plaintiff owned assets worth several millions of dollars. Plaintiff allegedly relied upon conversations with a lender, with whom he had no previous relationship to make a significant financial decision, before applying for a loan. Plaintiff could not conceivably place reasonable reliance upon a loan officer's forecasts that his "loan would go through" or that it would close by a certain date.

According to Plaintiff, Defendant's assurances that his "loan would go through" were made before he withdrew his IRA funds, but key and essential loan terms remained unresolved, including the length, the interest rate, applicable fees, the repayment schedule, and the other material conditions of the loan. No final agreement or binding commitment had been reached. As an experienced property owner, Plaintiff knew or should have known, the essential material terms of the loan had not been agreed to and no final agreement had been reached. Plaintiff's complaint fails to show any justifiable reliance as a matter of law. Plaintiff's argument is overruled.

## VIII. Conclusion

Plaintiff's allegations show no duty of care owed by Defendant, no fiduciary relationship, no more than verbal assurances of future loan approval, no intent to

defraud, and no reasonable reliance as a matter of law. When the allegations are viewed in the light most favorable to Plaintiff, giving him the benefit of all inferences thereon, the trial court's entry of judgment on the pleadings for Defendant on Plaintiff's claims was proper and is affirmed. *It is so ordered.*

AFFIRMED.

Judges DIETZ and GRIFFIN concur.