LEA COMPANY v. NORTH CAROLINA BOARD OF TRANSPORTATION

No. 111PA88

(Filed 4 January 1989)

**Appeal and Error § 68— affirmation of judgment—consideration of collateral issue —motion to reopen judgment denied**

> The trial court properly denied plaintiff's motion to reopen a prior judgment for the purpose of making additional findings and conclusions as to whether plaintiff should be awarded compound interest as an element of just compensation for defendant's taking of an interest in plaintiff's property by inverse condemnation where the trial court had determined that the statutory rate of interest was unconstitutional as applied to the facts of this case and awarded interest at 11% per annum; the Supreme Court affirmed, adopting the prudent investor standard for determining the appropriate interest rate; the Supreme Court also addressed the collateral issue, not raised by the parties, of whether compound interest should have been used; and plaintiff moved to reopen the prior judgment subsequent to certification of the mandate in the appeal. The mandate did not include a remand for consideration of an award of compound interest; rather, it affirmed a judgment awarding simple interest, which was all the plaintiff had sought, and the trial court had no authority to modify or change in any material respect the decree affirmed.

ON appeal by plaintiff from an order entered by *Ross, J.,* in Superior Court, GUILFORD County, on 22 October 1987. On 19 April 1988 we allowed defendant's petition for discretionary review prior to determination by the Court of Appeals. Heard in the Supreme Court 14 December 1988.

*Patton, Boggs and Blow, by Eric C. Rowe and C. Allen Foster, for plaintiff-appellant.*

*Lacy H. Thornburg, Attorney General, by James B. Richmond, Special Deputy Attorney General, for defendant-appellee.*

WHICHARD, Justice.

The issue is whether the trial court properly denied plaintiff's motion, pursuant to N.C.G.S. § 1A-1, Rule 60(b)(6), to reopen a prior judgment for the purpose of making additional findings and conclusions as to whether plaintiff should be awarded compound interest as an element of just compensation for defendant's taking of an interest in plaintiff's property by inverse condemnation. We hold that it did.

This case is before us for the third time. On the first appeal, we affirmed a judgment that defendant was liable to plaintiff for the taking of a compensable interest in plaintiff's property as a result of intermittent and recurring flooding caused by inadequately sized culverts installed by defendant in its highway structures downstream from plaintiff's property. *Lea Company v. N.C. Board of Transportation*, 308 N.C. 603, 304 S.E. 2d 164 (1983). Upon remand for a trial on the issue of damages, the trial court determined, *inter alia*, that the statutory rate of interest, as applied to the facts of this case, was unconstitutional. It thereupon awarded interest on plaintiff's award of damages at the rate of 11% per annum for the period between the time of the taking and the entry of the judgment awarding compensation. On defendant's appeal from that award, we adopted the "prudent investor" standard for determining the appropriate interest rate for calculation of additional compensation for delay, concluded that the trial court had applied this standard correctly, and affirmed. *Lea Company v. N.C. Bd. of Transportation*, 317 N.C. 254, 345 S.E. 2d 355 (1986).

In the second appeal, we also exercised our "rarely used general supervisory powers" to address a collateral issue not raised by the parties, *viz*, "whether compound interest rather than simple interest should be used in measuring the amount by which the award should be adjusted due to delayed payment." *Id.* at 263, 345 S.E. 2d at 360. We concluded:

> Since this Court has now adopted the "prudent investor" standard, compound interest should be allowed for delayed payment in condemnation cases if the evidence shows that during the pertinent period the "prudent investor" could have obtained compound interest in the market place. The use of compound interest as a measure in calculating addi-

tional compensation for delay is a matter which will turn upon the evidence in each case and must be decided on a case-by-case basis.

*Id.* at 264, 345 S.E. 2d at 361.

On 4 September 1986, subsequent to certification of our mandate in the second appeal, plaintiff moved pursuant to N.C.G.S. § 1A-1, Rule 60(b)(6) "that the [trial] court reopen its prior judgment . . . for the purpose of making additional findings and conclusions as to whether [plaintiff] should be awarded compound interest as an element of just compensation." The trial court noted that "with respect to this case, the Supreme Court in its mandate did not remand . . . for consideration of the award of compound interest, but simply affirmed the judgment of the trial court." It also noted that "[a]t the trial, the plaintiff made no offer of evidence of compound interest rates obtainable in the marketplace during the pertinent period; nor did it assign as error on appeal, the trial court's failure to award compound interest." It then denied the motion "on the ground that this [c]ourt is bound by the mandate of the Supreme Court which affirmed the earlier judgment of the trial court and did not remand for further proceedings [and on the further] ground that no evidence was presented at trial to support the award of compound interest."

Plaintiff gave notice of appeal to the Court of Appeals. On 19 April 1988 we allowed defendant's petition for discretionary review prior to determination by the Court of Appeals. N.C.G.S. § 7A-31(b) (1986). We now affirm.

A decision of this Court on a prior appeal constitutes the law of the case, both in subsequent proceedings in the trial court and on a subsequent appeal. *Transportation, Inc. v. Strick Corp.*, 286 N.C. 235, 239, 210 S.E. 2d 181, 183 (1974). "[O]ur mandate is binding upon [the trial court] and must be strictly followed without variation or departure. No judgment other than that directed or permitted by the appellate court may be entered." *D & W, Inc. v. Charlotte*, 268 N.C. 720, 722, 152 S.E. 2d 199, 202 (1966). "We have held judgments of Superior [C]ourt which were inconsistent and at variance with, contrary to, and modified, corrected, altered or reversed prior mandates of the Supreme Court . . . to be unauthorized and *void.*" *Collins v. Simms*, 257 N.C. 1, 8, 125 S.E. 2d 298, 303 (1962).

The mandate of this Court in the second appeal of this case affirmed a judgment of the trial court granting plaintiff simple interest on its award at the rate of 11% per annum for the time between defendant's taking of plaintiff's property and entry of the judgment awarding compensation. *Lea Company*, 317 N.C. 254, 345 S.E. 2d 355. As the trial court noted, our mandate did not include a remand for consideration of an award of compound interest; rather, it affirmed a judgment awarding simple interest, which was all the plaintiff had sought. The trial court "had no authority to modify or change in any material respect the decree affirmed." *Murrill v. Murrill*, 90 N.C. 120, 122 (1884).

Accordingly, the order denying plaintiff's motion to "reopen [the] judgment" for consideration of an award of compound interest is

Affirmed.