ROBERT A. IZYDORE, Petitioner
v.
CITY OF DURHAM (DURHAM BOARD OF ADJUSTMENT), Respondent, and
SUN RIVER BUILDERS SIGNATURE HOMES, INC., STACY A.
CRABTREE, Respondents/Necessary Parties

No. COA12-1284

Filed 6 August 2013

**Attorney Fees—denial of petition—local governmental units—not agencies**

The trial court did not err in a case regarding respondents' issuance of building permits by denying petitioner's petition to recover attorney fees from respondents under N.C.G.S. § 6-19.1. Based on the plain language of the statute, our case law interpreting the statute, and other provisions of the General Statutes, local governmental units, such as respondents in this case, do not constitute "agencies" for purposes of § 6-19.1.

Appeal by petitioner from order entered 8 May 2012 by Judge Carl R. Fox in Durham County Superior Court. Heard in the Court of Appeals 26 March 2013.

*Law Offices of Hayes Hofler, P.A., by R. Hayes Hofler, III, for petitioner-appellant.*

*Office of the City Attorney, by Emanuel D. McGirt, Senior Assistant City Attorney, for respondents-appellees City of Durham, Durham*

*City-County Board of Adjustment, and Durham City-County Planning Department.*

DAVIS, Judge.

Petitioner Robert A. Izydore ("petitioner") appeals from the trial court's order denying his petition to recover attorney's fees from respondents City of Durham ("the City"), Durham City-County Board of Adjustment ("the Board"), and Durham City-County Planning Department ("the Department") (collectively "respondents"). After careful review, we affirm.

## Factual Background

On 18 May 2009, petitioner filed a protest with the Department, challenging its issuance of building permits allowing his neighbor, Stacy A. Crabtree ("Crabtree"), to divide her lot into two smaller lots and to allow Sun River Builders Signature Homes, Inc. to build separate houses on each lot. After the Department rejected his protest, petitioner appealed to the Board. The Board considered petitioner's appeal during a hearing held on 28 July 2009 and issued a decision on 22 September 2009 rejecting his appeal.

By writ of *certiorari,* petitioner obtained judicial review of the Board's decision, and the trial court remanded the matter to the Board on 28 June 2010 for a new hearing. On remand, the Board again rejected petitioner's appeal in a decision issued 7 December 2010. The trial court issued a second writ of *certiorari* on 5 January 2011 to review the Board's 7 December 2010 decision. In an order and judgment entered 15 September 2011, the trial court remanded the case to the Board with instructions to revoke the building permits pertaining to Crabtree's property. None of the parties sought post-judgment relief from the 15 September 2011 order and judgment, and no appeal was taken.

On 16 November 2011, petitioner filed a petition, along with supporting affidavits, seeking the recovery of attorney's fees from respondents pursuant to N.C. Gen. Stat. § 6-19.1. The trial court, after conducting a hearing, issued an order on 8 May 2012 denying the petition on the ground that it lacked authority to award attorney's fees pursuant to N.C. Gen. Stat. § 6-19.1. Petitioner appealed to this Court.[1]

---

1. Because Sun River Builders Signature Homes, Inc. and Crabtree were not parties to the proceeding regarding petitioner's entitlement to attorney's fees, they are not parties to the present appeal.

## Analysis

N.C. Gen. Stat. § 6-19.1 provides, in pertinent part, as follows:

(a) In any civil action, other than an adjudication for the purpose of establishing or fixing a rate, or a disciplinary action by a licensing board, brought by the State or brought by a party who is contesting State action pursuant to G.S. 150B-43 or any other appropriate provisions of law, unless the prevailing party is the State, the court may, in its discretion, allow the prevailing party to recover reasonable attorney's fees, including attorney's fees applicable to the administrative review portion of the case, in contested cases arising under Article 3 of Chapter 150B, to be taxed as court costs against the appropriate agency if:

(1) The court finds that the agency acted without substantial justification in pressing its claim against the party; and

(2) The court finds that there are no special circumstances that would make the award of attorney's fees unjust. The party shall petition for the attorney's fees within 30 days following final disposition of the case. The petition shall be supported by an affidavit setting forth the basis for the request.

N.C. Gen. Stat. § 6-19.1(a)(1)-(2) (2011).

Here, the trial court – in interpreting § 6-19.1 – concluded that

[t]he Respondent City, Durham City/County Planning Department and the Durham City/County Board of Adjustment are "local governmental units" and are *not* agencies within the meaning of the term in N.C.G.S. 6-19.1 or 150B-43, and their decisions do *not* constitute "State action pursuant to G.S. 150B-43 or any other appropriate provisions of law," pursuant to G.S. 6-19.1.

(Emphasis in original.)

Petitioner contends that the trial court erred in concluding that respondents are not "agencies" and that their decisions do not constitute "State action" for purposes of § 6-19.1. Issues regarding statutory interpretation are questions of law and, as such, are subject to *de novo* review on appeal. *In re Ernst & Young, LLP*, 363 N.C. 612, 616, 684 S.E.2d 151, 154 (2009).

"The primary objective of statutory interpretation is to ascertain and effectuate the intent of the legislature." *McCracken & Amick, Inc. v. Perdue,* 201 N.C. App. 480, 485, 687 S.E.2d 690, 694 (2009), *disc. review denied,* 364 N.C. 241, 698 S.E.2d 400 (2010). Thus, as a general rule, courts should give "the language of the statute its natural and ordinary meaning unless the context requires otherwise." *Turlington v. McLeod,* 323 N.C. 591, 594, 374 S.E.2d 394, 397 (1988).

We are also mindful of the principle that because statutes authorizing the award of attorney's fees are in derogation of the common law, they must be strictly construed. *Sunamerica Fin. Corp. v. Bonham,* 328 N.C. 254, 257, 400 S.E.2d 435, 437 (1991). As such, "everything [should] be excluded from [the statute's] operation which does not clearly come within the scope of the language used . . . ." *Harrison v. Guilford County,* 218 N.C. 718, 722, 12 S.E.2d 269, 272 (1940) (citation and quotation marks omitted); *accord N.C. Baptist Hosps., Inc. v. Crowson,* 155 N.C. App. 746, 750, 573 S.E.2d 922, 924, *aff'd per curiam,* 357 N.C. 499, 586 S.E.2d 90 (2003).

Neither § 6-19.1 nor Chapter 6 of the General Statutes in its entirety provides a definition of the terms "agency" or "State action." Section 6-19.1 does, however, twice reference Chapter 150B of the North Carolina General Statutes, which contains North Carolina's Administrative Procedure Act ("APA"). Although the APA nowhere defines the phrase "State action," it does define the term "agency" as follows:

> "Agency" means an agency or an officer in the executive branch of the government of this State and includes the Council of State, the Governor's Office, a board, a commission, a department, a division, a council, and any other unit of government in the executive branch. *A local unit of government is not an agency.*

N.C. Gen. Stat. § 150B-2(1a) (2011) (emphasis added).

Thus, because counties and municipalities are considered local units of government, they do not constitute "agencies" for purposes of the APA. *See Coomer v. Lee County Bd. of Educ.,* __ N.C. App. __, __, 723 S.E.2d 802, 803 (holding that county board of education was not "agency" under APA), *disc. review denied,* __ N.C. __, 731 S.E.2d 428 (2012); *Lee Ray Bergman Real Estate Rentals v. N.C. Fair Housing Ctr.,* 153 N.C. App. 176, 179, 568 S.E.2d 883, 885 (2002) (concluding that city human relations department was not "agency" for purposes of APA).

Petitioner concedes that respondents do not fall within the APA's definition of an "agency." Nevertheless, he argues – without citing any

supporting authority – that despite § 6-19.1's multiple references to the APA, § 6-19.1's use of the term "agency" should be read "without qualification" to include "all levels" of government within our State, including local governmental units. Based on the plain language of § 6-19.1, our caselaw interpreting the statute, and other provisions of the General Statutes, we conclude that local governmental units – such as respondents in this case – do not constitute "agencies" for purposes of § 6-19.1.

N.C. Gen. Stat. § 6-19.1's limitation of attorney's fees to those civil actions with "State" involvement coupled with its repeated references to the APA strongly suggest that the legislature intended for the statute to apply to entities falling within the APA's definition of the term "agency" as set out in N.C. Gen. Stat. § 150B-2(1a).[2] This interpretation of the statute is supported by our Supreme Court's decision in *Crowell Constructors, Inc. v. State ex rel. Cobey*, 342 N.C. 838, 467 S.E.2d 675 (1996), where the Court illuminated the purpose behind § 6-19.1, stating as follows: "Our legislature, in enacting N.C.G.S. § 6–19.1 in order that a prevailing party may recover its reasonable attorney's fees when a *State* agency has pressed a claim against that party 'without substantial justification,' obviously sought to curb unwarranted, ill-supported suits initiated by *State* agencies." *Id.* at 844, 467 S.E.2d at 679 (emphasis added). This language reflects the Supreme Court's recognition of the General Assembly's intent that § 6-19.1 apply only in those civil actions involving actual agencies of the State.

An examination of other cost-shifting provisions in Chapter 6 of the General Statutes further confirms our conclusion that local governmental

2. The only case identified by petitioner recognizing an exception to this rule is *Early v. County of Durham Dep't of Soc. Servs.*, 172 N.C. App. 344, 616 S.E.2d 553 (2005), *disc. review improvidently allowed*, 361 N.C. 113, 637 S.E.2d 539 (2006). In *Early*, this Court affirmed the trial court's award of attorney's fees under § 6-19.1 in favor of a former employee of a county department of social services against the department. *Id.* at 365, 616 S.E.2d at 567. *Early* does not expressly address the question of whether the General Assembly intended to include a local department of social services within its use of the term "agency" in § 6-19.1. However, the Court in *Early* stated that § 6-19.1 "authorizes a superior court to award fees to [an] employee of a county Department of Social Services *who has prevailed under the [State Personnel Act]*." *Id.* (emphasis added). Thus, *Early* stands at most for the proposition that the award of attorney's fees against a local department of social services under § 6-19.1 is permissible in connection with a contested case filed by an aggrieved employee under the State Personnel Act. *See Cunningham v. Catawba County*, 128 N.C. App. 70, 72, 493 S.E.2d 82, 84 (1997) (observing that while local social services departments "are not agencies within the meaning of the [APA]," their employees are "subject to the provisions of the [State Personnel Act]" and thus are entitled to "'commence a contested case under [the APA]'" (quoting N.C. Gen. Stat. § 150B–23(a) and citing N.C. Gen. Stat. § 126–37(a)). *Early*, however, does *not* stand for the much broader proposition, advanced by petitioner, that attorney's fees may be awarded under § 6-19.1 against *any* unit of local government.

units – such as respondents – are not "agencies" for purposes of § 6-19.1. Most notably, N.C. Gen. Stat. § 6-21.7 (captioned "Attorneys' fees; cities or counties acting outside the scope of their authority"), provides as follows:

> In any action in which a *city or county* is a party, upon a finding by the court that the city or county acted outside the scope of its legal authority, the court may award reasonable attorneys' fees and costs to the party who successfully challenged the city's or county's action, provided that if the court also finds that the city's or county's action was an abuse of its discretion, the court shall award attorneys' fees and costs.

N.C. Gen. Stat. § 6-21.7 (2011) (emphasis added).

By its plain language, § 6-21.7 substantially parallels § 6-19.1, but instead of applying to State agencies, it expressly applies to cities and counties. Moreover, rather than addressing State action, it instead encompasses action by local governments. Were we to adopt petitioner's reading of § 6-19.1 – that all local governmental units are "agencies" for purposes of § 6-19.1 – then § 6-21.7 would be rendered superfluous. Such an interpretation would run afoul of the well-established principle of statutory construction that "[s]tatutes dealing with the same subject matter must be construed *in pari materia*, as together constituting one law, and *harmonized to give effect to each.*" *Williams v. Williams*, 299 N.C. 174, 180-81, 261 S.E.2d 849, 854 (1980) (internal citations omitted and emphasis added); *see HCA Crossroads Residential Ctrs., Inc. v. N.C. Dep't of Human Res.*, 327 N.C. 573, 578, 398 S.E.2d 466, 470 (1990) (rejecting interpretation of statute that rendered portion redundant).

While petitioner attempts to rely on our Supreme Court's decision in *Able Outdoor, Inc. v. Harrelson*, 341 N.C. 167, 459 S.E.2d 626 (1995), *Able* does not support his position. Petitioner reads *Able* as standing for the proposition that attorney's fees are recoverable under § 6-19.1 from any governmental entity so long as there is a statutory provision allowing judicial review of the entity's final decisions. Contrary to petitioner's contention, however, the Court in *Able* did not hold that attorney's fees are recoverable under § 6-19.1 whenever judicial review is provided by statute. Rather, the Court held that when a statute authorizes a *de novo* hearing in the trial court as a means of judicial review of an administrative decision, the court also possesses subject matter jurisdiction to consider a petition for attorney's fees at that same time. *Id.* at 171, 459 S.E.2d at 628.

Nevertheless, under § 6-19.1, the trial court may award attorney's fees only in those "instances" set out in the statute. *Id.* at 170, 459 S.E.2d at 628. *Able* does not change the fact that § 6-19.1's requirements for the recovery of attorney's fees must still be satisfied; the Court simply clarified that the trial court has the *jurisdiction* to determine whether those requirements have been met as part of the trial court's determination of the entire case upon judicial review. As the issue in the present case is not whether the trial court had jurisdiction under § 6-19.1, but rather, whether the substantive elements of the statute have been satisfied, we find *Able* inapplicable.

## Conclusion

In sum, we conclude that the City of Durham, the Durham City-County Board of Adjustment, and the Durham City-County Planning Department are not "agencies" for purposes of N.C. Gen. Stat. § 6-19.1. Consequently, the trial court properly denied petitioner's petition for attorney's fees.[3]

AFFIRMED.

Judges McGEE and GEER concur.

---

3. Because we conclude that respondents are not "agencies" for purposes of § 6-19.1, we need not address whether their actions constitute "State action" under the statute.