An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1378

Filed: 6 October 2015

Durham County, No. 09-CVS-7031

ROBERT A. IZYDORE, Petitioner,

v.

CITY OF DURHAM (DURHAM BOARD OF ADJUSTMENT[)][1], Respondent.

Appeal by petitioner from order entered 21 July 2014 by Judge Carl R. Fox in Durham County Superior Court. Heard in the Court of Appeals 5 May 2015.

*Robert A. Izydore, pro se, petitioner-appellant.*

*Office of the City Attorney, City of Durham, by Emanuel D. McGirt, Senior Assistant City Attorney, for respondent-appellee.*

DAVIS, Judge.

Robert A. Izydore ("Petitioner") appeals from the trial court's 21 July 2014 order denying his petition for attorneys' fees pursuant to N.C. Gen. Stat. § 6-21.7. After careful review, we affirm.

**Factual Background**

---

[1] In the trial court's 21 July 2014 order, the designation of Respondent as "City of Durham (Durham Board of Adjustment[)]" actually encompasses the following entities: (1) the City of Durham; (2) the Durham City-County Board of Adjustment; and (3) the Durham City-County Planning Department.

This case is before us for the second time. We summarized the pertinent facts surrounding this litigation in our opinion in Petitioner's first appeal, *see Izydore v. City of Durham (Durham Bd. of Adjustment)*, __ N.C. App. __, 746 S.E.2d 324, *disc. review denied*, 367 N.C. 261, 749 S.E.2d 851 (2013) ("*Izydore I*"), as follows:

> Petitioner Robert A. Izydore ("petitioner") appeals from the trial court's order denying his petition to recover attorney's fees from respondents City of Durham ("the City"), Durham City-County Board of Adjustment ("the Board"), and Durham City-County Planning Department ("the Department") (collectively "respondents"). . . .

> On 18 May 2009, petitioner filed a protest with the Department, challenging its issuance of building permits allowing his neighbor, Stacy A. Crabtree ("Crabtree"), to divide her lot into two smaller lots and to allow Sun River Builders Signature Homes, Inc. to build separate houses on each lot. After the Department rejected his protest, petitioner appealed to the Board. The Board considered petitioner's appeal during a hearing held on 28 July 2009 and issued a decision on 22 September 2009 rejecting his appeal.

> By writ of *certiorari*, petitioner obtained judicial review of the Board's decision, and the trial court remanded the matter to the Board on 28 June 2010 for a new hearing. On remand, the Board again rejected petitioner's appeal in a decision issued 7 December 2010. The trial court issued a second writ of *certiorari* on 5 January 2011 to review the Board's 7 December 2010 decision. In an order and judgment entered 15 September 2011, the trial court remanded the case to the Board with instructions to revoke the building permits pertaining to Crabtree's property. None of the parties sought post-judgment relief from the 15 September 2011 order and judgment, and no appeal was taken.

On 16 November 2011, petitioner filed a petition, along with supporting affidavits, seeking the recovery of attorney's fees from respondents pursuant to N.C. Gen. Stat. § 6-19.1. The trial court, after conducting a hearing, issued an order on 8 May 2012 denying the petition on the ground that it lacked authority to award attorney's fees pursuant to N.C. Gen. Stat. § 6-19.1.

*Id.* at __, 746 S.E.2d at 325.

In *Izydore I*, the issue before us was whether the trial court had erred in declining to award attorneys' fees to Petitioner pursuant to N.C. Gen. Stat. § 6-19.1, which authorizes trial courts — under certain specified circumstances — to award such fees to parties prevailing in civil actions against state agencies. N.C. Gen. Stat. § 6-19.1(a) (2013). We affirmed the trial court's order, holding that Petitioner was not entitled to recover attorneys' fees under N.C. Gen. Stat. § 6-19.1 because (1) Respondent consisted of local units of government rather than state agencies; and (2) N.C. Gen. Stat. § 6-19.1 applies "only in those civil actions involving actual agencies of the State." *Izydore I*, __ N.C. App. at __, 746 S.E.2d at 327. Petitioner subsequently filed a petition for discretionary review with our Supreme Court, which was denied on 7 November 2013. *Izydore v. City of Durham (Durham Bd. of Adjustment)*, 367 N.C. 261, 749 S.E.2d 851 (2013).

On 10 February 2014, Petitioner filed a new petition in Durham County Superior Court seeking attorneys' fees under a separate statute — N.C. Gen. Stat. §

6-21.7. On 24 February 2014, Petitioner filed an amended petition[2] pursuant to that same statute. On 7 March 2014, Respondent filed an answer. Ten days later, on 17 March 2014, Petitioner filed a motion for partial summary judgment.

A hearing on Petitioner's amended petition and motion for partial summary judgment was held on 10 June 2014 before the Honorable Carl R. Fox in Durham County Superior Court. On 21 July 2014, Judge Fox entered an order denying Petitioner's amended petition and determining that Petitioner's motion for partial summary judgment was moot. Petitioner filed a timely notice of appeal.

## Analysis

### I. Motion to Strike

Initially, we address Respondent's motion to strike certain portions of the appendix to Petitioner's appellate brief. Respondent has moved to strike pages 13-36 in the appendix, which consist of two documents: (1) a legal memorandum filed by Respondent in the trial court in *Izydore I*; and (2) an undated written commentary (presumably drafted by Petitioner) on the testimony of several of Respondent's witnesses earlier in this litigation entitled "Perjurious/Conflicting Claims Made by the City/County of Durham and the Developer/Owner." Neither of these two documents are contained in the record on appeal.

---

[2] Both the 10 February 2014 petition and the 24 February 2014 amended petition bore the same case number — 09 CVS 7031 — as Petitioner's initial petition for attorneys' fees that was at issue in *Izydore I*.

North Carolina Rule of Appellate Procedure 9(a) states, in pertinent part, that "[i]n appeals from the trial division of the General Court of Justice, review is solely upon the record on appeal, the verbatim transcript of proceedings, if one is designated, and any other items filed pursuant to this Rule 9." N.C.R. App. P. 9. We have held that

> [a]fter the case has been docketed in the appellate court, the proper method to request amendment of the record, when the inclusion of the document has not been addressed by a trial court order settling the record on appeal, is to make a motion in the appellate court to amend the record under N.C.R. App. P. 9(b)(5). . . . Furthermore, it [is] improper . . . to attach a document not in the record and not permitted under N.C.R. App. P. 28(d) in an appendix to [a party's] brief. *See* N.C.R. App. P. 9(a) (stating that review is solely upon the record and transcripts) and N.C.R. App. P. 28(b) (describing proper contents of appellant's brief).

*Horton v. New S. Ins. Co.*, 122 N.C. App. 265, 267-68, 468 S.E.2d 856, 857-58, *disc. review denied*, 343 N.C. 511, 472 S.E.2d 8, 8-9 (1996).

In his response to Respondent's motion to strike, Petitioner concedes that Respondent's legal memorandum is not contained in the record on appeal. Petitioner nevertheless asserts that he included the document "to further verify and show the extent of [Respondent's] duplicity because he believes this Court should be aware of it." However, because Petitioner neither included this document in the record on appeal nor moved to amend the record for the purpose of adding it, the inclusion of the memorandum in the appendix to Petitioner's brief was improper.

The same is true of Petitioner's written commentary on the testimony of Respondent's witnesses in the underlying proceeding that comprises pages 25-36 of the appendix to his appellate brief. Therefore, these pages must likewise be stricken.

Accordingly, we grant Respondent's motion to strike pages 13-36 of the appendix to Petitioner's brief and will not consider them for purposes of this appeal. *See N.C. Concrete Finishers, Inc. v. N.C. Farm Bureau Mut. Ins. Co.*, 202 N.C. App. 334, 337-38, 688 S.E.2d 534, 536 (2010) ("In the instant case, the documents attached as appendices to Plaintiff's brief are not part of the Record on Appeal. Accordingly we grant Defendant's motion and do not consider these documents in our review of the trial court's order."); *see also Cty. of Durham v. Roberts*, 145 N.C. App. 665, 671, 551 S.E.2d 494, 498 (2001) ("[E]xhibits in an appendix to the brief, which are outside the record will not be addressed. Therefore, the external documents included in the appendix to defendant's brief are not considered here." (internal citation omitted)).

## II. Denial of Attorneys' Fees

The sole issue raised by Petitioner on appeal is his contention that the trial court erred in denying his amended petition for attorneys' fees under N.C. Gen. Stat. § 6-21.7. While the parties make a number of different arguments in support of their respective positions on this issue, we affirm the trial court's order for the basic reason that once our mandate issued in *Izydore I* the case was over.

In reaching this conclusion, we are guided by our Supreme Court's decision in *Lea Co. v. N.C. Bd. of Transp.*, 323 N.C. 697, 374 S.E.2d 866 (1989). In *Lea*, the plaintiff initially filed an inverse condemnation action seeking to recover damages for the defendant's taking of the plaintiff's property. *Id.* at 698, 374 S.E.2d at 867. The trial court found that the defendant was liable to the plaintiff, and our Supreme Court ultimately affirmed the trial court's judgment and remanded for a determination of damages. *Id.* The trial court on remand determined that the plaintiff was entitled to simple interest at the rate of 11% per annum for the period between the time of the taking and the entry of the judgment awarding compensation. *Id.*

The plaintiff appealed once again, asserting that the trial court had erred in awarding only simple interest as opposed to compound interest. *Id.* The Supreme Court proceeded to affirm the judgment of the trial court awarding the plaintiff only simple interest. *Id.*

The plaintiff subsequently filed a motion seeking to reopen the trial court's judgment for the purpose of making additional findings of fact and conclusions of law as to whether the plaintiff should, in fact, be awarded compound interest. *Id.* at 699, 374 S.E.2d at 867-68. The trial court denied the plaintiff's motion on the ground that the Supreme Court had not remanded the case for further consideration of this issue and instead had simply affirmed the judgment of the trial court. *Id.*

The plaintiff appealed for a third time, and the Supreme Court affirmed the trial court's ruling, holding as follows:

> A decision of this Court on a prior appeal constitutes the law of the case, both in subsequent proceedings in the trial court and on a subsequent appeal. Our mandate is binding upon the trial court and must be strictly followed without variation or departure. No judgment other than that directed or permitted by the appellate court may be entered. We have held judgments of Superior Court which were inconsistent and at variance with, contrary to, and modified, corrected, altered or reversed prior mandates of the Supreme Court to be unauthorized and *void*.
>
> The mandate of this Court in the second appeal of this case affirmed a judgment of the trial court granting plaintiff simple interest on its award at the rate of 11% per annum for the time between defendant's taking of plaintiff's property and entry of the judgment awarding compensation. As the trial court noted, our mandate did not include a remand for consideration of an award of compound interest; rather, it affirmed a judgment awarding simple interest, which was all the plaintiff had sought. The trial court had no authority to modify or change in any material respect the decree affirmed.

*Id.* at 699-700, 374 S.E.2d at 868 (internal citations, quotation marks, brackets, and ellipses omitted).

This principle was also articulated by our Supreme Court in *D & W, Inc. v. City of Charlotte*, 268 N.C. 720, 152 S.E.2d 199 (1966).

> In our judicial system the Superior Court is a court subordinate to the [appellate courts]. Upon appeal our mandate is binding upon it and must be strictly followed without variation or departure. No judgment other than that directed or permitted by the appellate court may be

> entered. Otherwise, litigation would never be ended, and the supreme tribunal of the state would be shorn of authority over inferior tribunals.

*Id.* at 722-23, 152 S.E.2d at 202 (citation and quotation marks omitted).

This same doctrine applies to the present appeal. In *Izydore I*, we affirmed the order of the trial court denying Petitioner's petition for attorneys' fees, which was the sole remaining issue in the case. We did not remand for any further proceedings in the trial court or otherwise expressly contemplate the need for any further action by that court. Therefore, once our mandate issued, the case was over. *See Severance v. Ford Motor Co.*, 105 N.C. App. 98, 100, 411 S.E.2d 618, 620 ("'[A]fter an appeal the action becomes final and conclusive . . . .'" (quoting *In re Griffin*, 98 N.C. 197, 199, 3 S.E. 515, 515 (1887)), *disc. review denied*, 331 N.C. 286, 417 S.E.2d 255 (1992).

Were we to adopt Petitioner's argument by holding that he was permitted to file a new petition for attorneys' fees after the case had been fully adjudicated, we would be giving him the proverbial "second bite at the apple" — a result that finds no support in our jurisprudence. *See City of Lumberton v. U.S. Cold Storage, Inc.*, 178 N.C. App. 305, 309-10, 631 S.E.2d 165, 168-69 (2006) ("[A] party may not file suit seeking relief for a wrong under one legal theory and, then, after that theory fails, seek relief for the same wrong under a different legal theory in a second legal proceeding. . . . We can perceive no reason why [the appellant] should be given two bites at the apple[.]").

Indeed, our rejection of Petitioner's argument on this issue is consistent with the public policy of achieving finality to litigation. *See Hicks v. Koutro*, 249 N.C. 61, 64, 105 S.E.2d 196, 199 (1958) ("The courts and the public are interested in the finality of litigation. This idea is expressed in the Latin maxim *interest reipublicae ut sit finis litium*, that there should be an end of litigation for the repose of society."). "Otherwise, litigation would never be ended, and the supreme tribunal of the state would be shorn of authority over inferior tribunals." *D & W, Inc.*, 268 N.C. at 722-23, 152 S.E.2d at 202 (citation and quotation marks omitted).

In sum, "[a]ll things must end — even litigation." *S. Rambler Sales, Inc. v. Am. Motors Corp.*, 375 F.2d 932, 938 (5th Cir.), *cert. denied*, 389 U.S. 832, 19 L.Ed.2d 92 (1967). So too the present lawsuit.[3]

## Conclusion

For the reasons stated above, we affirm the trial court's 21 July 2014 order.

AFFIRMED.

Judges BRYANT and INMAN concur.

Report per Rule 30(e).

---

[3] Petitioner also argues that counsel for Respondent had an ethical duty under Rule 3.3(a) of the North Carolina Rules of Professional Conduct to disclose the existence and possible applicability of N.C. Gen. Stat. § 6-21.7 to Petitioner's original petition for attorneys' fees earlier in this litigation. We express no opinion on this issue as the appellate courts are not the appropriate forum for such assertions. *See Stiller v. Stiller*, 98 N.C. App. 80, 83, 389 S.E.2d 619, 620 (1990) ("[I]f [a party] feels that [opposing] counsel has violated a Rule of Professional Conduct the appropriate forum for that inquiry is the State Bar.").