Fid. Bank v. N.C. Dep't of Revenue, 2016 NCBC 45.

STATE OF NORTH CAROLINA

WAKE COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
10 CVS 3405

THE FIDELITY BANK,

                Petitioner,

v.

NORTH CAROLINA DEPARTMENT OF
REVENUE,

                Respondent.

**FINAL JUDGMENT AND ORDER AND
OPINION ON RESPONDENT'S
MOTION FOR ENTRY OF JUDGMENT
AND RESPONDENT'S MOTION TO
DISMISS**

15 CVS 11311

THE FIDELITY BANK,

                Petitioner,

v.

NORTH CAROLINA DEPARTMENT OF
REVENUE,

                Respondent.

{1}    **THIS MATTER** is before the Court upon Respondent North Carolina Department of Revenue's ("Respondent" or the "Department") Motion for Entry of Judgment (the "Motion for Entry of Judgment") in the case captioned *The Fidelity Bank v. North Carolina Department of Revenue*, No. 10 CVS 3405 (Wake County) (the "2010 Case") and Respondent's Motion to Dismiss Petition for Judicial Review (the "Motion to Dismiss") (collectively, the "Motions") in the case captioned *The Fidelity Bank v. North Carolina Department of Revenue*, No. 15 CVS 11311 (Wake County) (the "2015 Case") (together with the 2010 Case, the "Cases").

{2}    After considering the Motions, the parties' briefs in support of and in opposition to the Motions, the appropriate evidence of record, and the arguments of counsel at the hearing held on the Motions, the Court hereby **GRANTS** the Motion to

Dismiss the 2015 Case, **GRANTS** the Motion for Entry of Judgment in the 2010 Case, **ADOPTS in part** this Court's (Jolly, J.) Opinion and Order on Petition for Judicial Review of Final Agency Decision in a Contested Tax Case dated May 3, 2013 in the 2010 Case ("Judge Jolly's Order" or "Judge Jolly's 2013 Order"), and enters **FINAL JUDGMENT** in the 2010 Case consistent therewith as explained below.

*Ward and Smith, P.A., by Donalt J. Eglinton and Amy P. Wang, for Petitioner The Fidelity Bank.*

*North Carolina Attorney General Roy Cooper, by Assistant Attorney General Perry J. Pelaez, for Respondent North Carolina Department of Revenue.*

Bledsoe, Judge.

## I.

## INTRODUCTION AND BACKGROUND

{3}    The Cases arise out of the same contested tax case, which involved Petitioner The Fidelity Bank's ("Petitioner" or the "Bank") challenge of the Department's disallowance of Petitioner's deduction of certain income on its 2001 North Carolina state tax return, and the Department's assessment of interest on the alleged tax owed.  Petitioner has accurately described the current procedural posture of the Cases as a "procedural quagmire."  (Pet'r's Mem. Opp. Resp't's Mot. Entry J. 1.)

{4}    The contested tax case concerns the Bank's acquisition of United States government securities at a discount to face value ("Discount Bonds") sometime prior to 2001.  Petitioner earned income on the difference between the amount paid for the Discount Bonds and the amount received for such securities at maturity ("Market Discount Income").  In 2001, five of the Discount Bonds matured, and the Bank earned Market Discount Income on those Bonds.

{5}    Petitioner reported this Market Discount Income as taxable income on its 2001 Federal and North Carolina corporate income tax returns, but, in determining its North Carolina net taxable income, deducted the Market Discount Income as interest earned upon an obligation of the United States, pursuant to N.C. Gen. Stat.

§ 105-130.5(b)(1). On July 8, 2002, the Department assessed additional North Carolina corporate income tax to be owed for the 2001 tax year on the Market Discount Income deducted by Petitioner for that year, as well as accrued interest on the assessment amount. Petitioner objected to the assessment on July 31, 2002 (the "Contested Case").

{6}     Although Petitioner filed its objection to the assessment in 2002, the Department did not issue its Notice of Final Determination on the disputed income tax assessment until September 12, 2008. On November 11, 2008, Petitioner timely filed its Petition for a Contested Case Hearing in the Office of Administrative Hearings (the "Contested Case Petition") pursuant to N.C. Gen. Stat. § 105-241.15 and Article 3 of the North Carolina Administrative Procedure Act ("APA"). Through the Contested Case Petition, the Bank challenged (i) Respondent's disallowance of Petitioner's deduction of the Market Discount Income (the "Deductibility Issue"), and (ii) Respondent's assessment of interest on the alleged tax owed (the "Interest Abatement Issue").

{7}     On June 30, 2009, the Administrative Law Judge ("ALJ") assigned to the Contested Case ruled in favor of Respondent on the Deductibility Issue and concluded that Petitioner could not deduct the Market Discount Income on Petitioner's 2001 North Carolina state tax return as interest income on an obligation of the United States.

{8}     On November 16, 2009, the ALJ ruled in favor of Petitioner on the Interest Abatement Issue and abated any interest that had accrued on the unpaid tax on the Market Discount Income during the period from July 2002 through May 16, 2006. The ALJ reasoned that the interest operated as a penalty against Petitioner and that collection would be inequitable in light of the Department's delay in responding to Petitioner's objection to the tax assessment.

{9}     On January 22, 2010, the Department issued a consolidated Final Agency Decision in the Contested Case (the "Original Final Agency Decision"). The Original Final Agency Decision included findings of fact and conclusions of law by which the Department ruled for Respondent on the Deductibility Issue and adopted the ALJ's

determination that the Market Discount Income was not deductible. The Department did not adopt the ALJ's decision on the Interest Abatement Issue, however, and instead remanded the issue to the ALJ for rehearing and for a recommendation on whether a statutory basis existed for the ALJ's decision to abate the interest that accrued on the alleged tax owed on the Market Discount Income.

{10} On February 24, 2010, Petitioner timely filed a Petition for Judicial Review pursuant to Article 4 of the APA in Wake County Superior Court (the "2010 Petition"), which initiated the 2010 Case. The matter was thereafter designated to the Business Court and assigned to Judge John R. Jolly, Jr. for review and disposition.

{11} On May 3, 2013, Judge Jolly issued his Order on the 2010 Petition. He concluded that Petitioner could not deduct the Market Discount Income for North Carolina state income tax purposes and, accordingly, that the Department's determination that the Market Discount Income was not deductible should be affirmed. As to the Interest Abatement Issue, Judge Jolly concluded that the Department failed to comply with the applicable provisions of the APA, and ruled that this issue should be remanded to the Department for compliance with the APA.

{12} Specifically, in the decretal paragraphs of the Order, Judge Jolly ordered:

> The [Original] Final Agency Decision granting summary judgment in favor of Respondent with regard to the [Deductibility Issue] is AFFIRMED.

> The [Original] Final Agency Decision denying summary judgment in favor of Petitioner with regard to the [Interest Abatement Issue] is REMANDED to Respondent for compliance by Respondent with [the APA]. Further, Respondent shall then REMAND [the Interest Abatement Issue] to the ALJ for a recommendation . . . of whether the accrued interest should be abated, pursuant to the standard set forth in [the APA].

*Fid. Bank v. N.C. Dep't of Revenue*, 2013 NCBC LEXIS 23, at ¶¶ 47–48 (N.C. Super. Ct. May 3, 2013).

{13} Thereafter, on December 10, 2013, the Department issued an amended Final Agency Decision titled "Amended Final Agency Decision, in part, and Remanded, in part" ("First Amended Final Agency Decision"), in which Respondent

issued the same findings and conclusions adopting the ALJ's decision on the Deductibility Issue as it had in the Original Final Agency Decision, and remanded the Interest Abatement Issue to the ALJ for hearing and decision, as Judge Jolly's Order required. On April 23, 2015, the ALJ issued an Amended Decision resolving the Interest Abatement Issue in favor of Respondent and concluding that any interest on any tax assessed on the Market Discount Income did not abate.

{14} On July 24, 2015, the Department issued its Second Amended Final Agency Decision in the Contested Case ("Second Amended Final Agency Decision"). Although Judge Jolly had not remanded the Deductibility Issue to the Department, the Department adopted in the Second Amended Final Agency Decision the same findings of fact and conclusions of law concerning the Deductibility Issue that the Department had adopted in the Original Final Agency Decision and that Judge Jolly affirmed in his 2013 Order. The Second Amended Final Agency Decision also included new findings of fact and conclusions of law concerning the Interest Abatement Issue and adopted the ALJ's April 23, 2015 Amended Decision determining that interest on any tax assessed against Petitioner did not abate.

{15} On August 19, 2015, Petitioner filed its Petition for Judicial Review of Second Amended Final Agency Decision in a Contested Tax Case (the "2015 Petition"), which initiated the 2015 Case. In the 2015 Petition, Petitioner seeks judicial review of the Second Amended Final Agency Decision as to the Deductibility Issue but not as to the Interest Abatement Issue. The 2015 Petition requests that summary judgment be entered for Petitioner rejecting the Second Amended Final Agency Decision on the Deductibility Issue.

{16} On January 15, 2016, Respondent filed the Motion for Entry of Judgment under Rule 58 in the 2010 Case and the Motion to Dismiss under Rule 12(b)(6) in the 2015 Case. Briefing on both Motions was completed in a timely fashion, and a hearing on the Motions was held on April 7, 2016.

II.

ANALYSIS

{17}   Although perhaps not readily apparent from the parties' procedural sparring, the ultimate issue the parties seek to have resolved through a decision on Respondent's Motions is whether appellate review of Judge Jolly's ruling on the Deductibility Issue should occur in the 2015 Case, as argued by Petitioner, or in the 2010 Case, as argued by Respondent.  Resolution of this issue has significant practical consequences; by operation of N.C. Gen. Stat. § 7A-27(a)(2) and (3), an appeal of the 2010 Case is made directly to the North Carolina Court of Appeals while an appeal of the 2015 Case is made directly to the North Carolina Supreme Court.[1]

{18}   Respondent argues that the 2015 Petition is improper and that judgment should be entered in the 2010 Case.  Specifically, Respondent contends that Petitioner's failure to seek judicial review of the Second Amended Final Agency Decision concerning the Interest Abatement Issue (i.e., the only issue properly before the Department on remand) caused the Second Amended Final Agency Decision to become final by operation of law.  As a result, Respondent argues that Judge Jolly's 2013 decision affirming the Original Final Agency Decision on the Deductibility Issue should now be rendered final.  Accordingly, Respondent seeks dismissal of the 2015 Petition and entry of a final judgment in the 2010 Case, thereby requiring any appeal of the Deductibility Issue to be directed to the Court of Appeals.

{19}   Petitioner responds that it was required by the express inclusion of the Deductibility Issue in the Second Amended Final Agency Decision,[2] and the judicial

---

[1] The Business Court Modernization Act, 2014 N.C. Sess. Laws 102, which became effective October 1, 2014, provides that for any actions designated as mandatory complex business cases on or after that date, an appeal lies of right directly to the North Carolina Supreme Court.  For actions designated to the Business Court before October 1, 2014, an appeal of right is to the North Carolina Court of Appeals.

[2] Petitioner has candidly acknowledged that this Court may not reverse or overrule Judge Jolly's decision on the Deductibility Issue in the 2013 Order without violating "[t]he well established rule in North Carolina . . . that no appeal lies from one Superior Court judge to another; . . . and that ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action." *Calloway v. Ford Motor Co.*, 282 N.C. 496, 501, 189 S.E.2d 484, 488 (1972).  Petitioner argues, however, that the inclusion of the Deductibility Issue findings and conclusions in the Second Amended Final Agency Decision required that Petitioner seek judicial

review procedures provided in Article 4 of the APA,[3] to file the 2015 Petition in order to protect its right to subsequent appellate review of the Deductibility Issue. Petitioner observes that because the 2015 Petition was filed after October 1, 2014, N.C. Gen Stat. § 7A-27(a)(2) and (3) will require any appeal of the 2015 Petition to be made directly to the North Carolina Supreme Court. Petitioner also argues that if the 2015 Petition is dismissed, the record in any subsequent appeal from this Court will be unfairly incomplete because the record will necessarily not include the Second Amended Final Agency Decision or any other action of the Department between the date of Judge Jolly's 2013 Order and the Bank's filing of the 2015 Petition.

{20} Thus, boiled down, the procedural issue before the Court is whether the Department's inclusion in the Second Amended Final Agency Decision of the same findings and conclusions concerning the Deductibility Issue that the Department made in the Original Final Agency Decision, and that Judge Jolly affirmed on judicial review in his 2013 Order, permits or requires Petitioner to seek judicial review of Judge Jolly's 2013 Order in the 2015 Case, even though Judge Jolly did not remand the Deductibility Issue to the Department. As explained below, the Court concludes that it does not.

A.    Respondent's Motion to Dismiss the 2015 Case.

{21} When ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court asks "whether the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not." *Enoch v. Inman*, 164 N.C. App. 415, 417, 596 S.E.2d 361, 363 (2004). Thus, courts generally construe complaints liberally and accept all allegations as true, but a "trial court can reject allegations that are contradicted by the documents attached, specifically referred to, or incorporated by reference in the

---

review by initiating the 2015 Case as a necessary first step in obtaining appropriate appellate review of the Deductibility Issue.

[3] N.C. Gen. Stat. § 150B-45(a) provides, in relevant part, that "[t]o obtain judicial review of a final decision [in a contested tax case], the person seeking review must file a petition [in the Superior Court of Wake County] within 30 days after the person is served with a written copy of the decision."

complaint." *Laster v. Francis*, 199 N.C. App. 572, 577, 681 S.E.2d 858, 862 (2009). Dismissal of a claim on a Rule 12(b)(6) motion is proper "(1) when the complaint on its face reveals that no law supports plaintiff's claim; (2) when the complaint reveals on its face the absence of fact sufficient to make a good claim; [or] (3) when some fact disclosed in the complaint necessarily defeats the plaintiff's claim." *Oates v. JAG, Inc.*, 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985).

{22}    Importantly for this case, when the trial court "exercises judicial review over an agency's final decision, it acts in the capacity of an appellate court." *Meza v. Div. of Soc. Servs.*, 364 N.C. 61, 75, 692 S.E.2d 96, 105 (2010) (quoting *N.C. Dep't of Env't & Natural Res. v. Carroll*, 358 N.C. 649, 662, 599 S.E.2d 888, 896 (2004)); *see also, e.g.*, *Home Depot U.S.A., Inc. v. N.C. Dep't of Revenue*, 2015 NCBC LEXIS 103, at *6 (N.C. Super. Ct. Nov. 6, 2015) (applying principle); *Bodford v. N.C. Dep't of Revenue*, 2013 NCBC LEXIS 18, at *5–6 (N.C. Super. Ct. Apr. 10, 2013) (applying principle). N.C. Gen. Stat. § 150B-51(b) explicitly provides that "[t]he court reviewing a final [agency] decision may affirm the decision or remand the case for further proceedings."

{23}    Here, Judge Jolly affirmed the Original Final Agency Decision on the Deductibility Issue and remanded only the Interest Abatement Issue to the Department for further proceedings.  Nonetheless, although Judge Jolly did not remand the Deductibility Issue to the Department, the Department elected to include findings and conclusions on that issue in its Second Amended Final Agency Decision that were identical in all respects to those in the Original Final Agency Decision. North Carolina law is clear, however, that when an appellate court (i.e., Judge Jolly's capacity here) remands a case to the trial court (i.e., the Department's capacity here), any judgments of the trial court "'which were inconsistent and at variance with, contrary to, and modified, corrected, altered or reversed prior mandates of the [appellate court]" are "unauthorized and void.'" *Lea Co. v. N.C. Bd. of Transp.*, 323 N.C. 697, 699, 374 S.E.2d 866, 868 (1989) (quoting *Collins v. Simms*, 257 N.C. 1, 8, 125 W.E.2d 298, 303 (1962)).  "No judgment other than that directed or permitted by the appellate court may be entered." *D & W, Inc. v. City of Charlotte*, 268 N.C. 720,

722, 152 S.E. 2d 199, 202 (1966). In short, a trial court has "'no authority to modify or change in any material respect the decree affirmed.'" *Lea*, 323 N.C. at 700, 374 S.E.2d at 868 (quoting *Murrill v. Murrill*, 90 N.C. 120, 122 (1884)).

{24} Applying this well-established North Carolina law to the facts here, the Court concludes that the Department did not have authority to make any findings of fact or conclusions of law concerning the Deductibility Issue in its Seconded Amended Final Agency Decision because all such findings and conclusions were beyond the scope of Judge Jolly's remand to the Department. As a result, the findings and conclusions in the Second Amended Final Agency Decision concerning the Deductibility Issue were void and without legal effect and cannot be the proper subject of judicial review in these circumstances.

{25} "In reviewing a final decision in a contested case, the court shall determine whether the petitioner is entitled to the relief sought in the petition based upon its review of the final decision and the official record." N.C. Gen. Stat. § 150B-51. Based upon the Court's review of the Second Amended Final Agency Decision and the official record, the Court concludes that Petitioner is not entitled to the relief sought in the 2015 Petition because it seeks review of the unauthorized and void portion of the Second Amended Final Agency Decision. Accordingly, the Court concludes that Respondent's Motion to Dismiss should be granted under Rule 12(b)(6) because the facts alleged necessarily defeat Petitioner's claim. The 2015 Petition should therefore be dismissed.[4]

B.     Respondent's Motion for Entry of Judgment in the 2010 Case.

{26} Rule 58 of the North Carolina Rules of Civil Procedure permits entry of judgment by reducing the Court's judgment to writing and then having the written

---

[4] The Court is not persuaded by Petitioner's concern that the appellate record will be unfairly incomplete without documents generated after Judge Jolly's 2013 Order. First, it is this Court's final judgment and order adopting Judge Jolly's 2013 Order on the Deductibility Issue that will be reviewed by our appellate courts, not the Department's Second Amended Final Agency Decision, and in any event, as to the Deductibility Issue, the Second Amended Final Agency Decision and the Original Final Agency Decision which Judge Jolly adopted are identical. Moreover, the North Carolina Rules of Appellate Procedure provide Petitioner a mechanism to include in the appellate record "copies of all items properly before the superior court as are necessary for an understanding of all issues presented on appeal." *See* N.C. R. App. P. 9(a)(2).

judgment signed by the Court and filed with the clerk of court. Rule 54(a) provides that a judgment is "the final determination of the rights of the parties." Our courts have long held that "[a] final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Veazey v. Durham*, 231 N.C. 357, 361–62, 57 S.E.2d 377, 381 (1950). Therefore, a final judgment "'generally is one which ends the litigation on the merits.'" *Duncan v. Duncan*, 366 N.C. 544, 545, 742 S.E.2d 799, 801 (2013) (quoting *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199 (1988)).

{27} As discussed previously, the 2010 Case raised two issues: the Deductibility Issue and the Interest Abatement Issue. The Deductibility Issue was finally determined by Judge Jolly's 2013 Order.[5] The Interest Abatement Issue was finally determined upon Petitioner's decision not to seek judicial review of the resolution of that issue in the Second Amended Final Agency Decision. *See generally* N.C. Gen. Stat. § 150B-45(a). As a result, the rights of the parties in the 2010 Case have been finally determined, there is nothing left between them to be judicially determined in this Court, and entry of judgment in the 2010 Case is therefore appropriate. Accordingly, the Court concludes that Respondent's Motion for Entry of Judgment in the 2010 Case should be granted, and that Judge Jolly's 2013 Order affirming the Original Final Agency Decision on the Deductibility Issue should be adopted herein and entered as a final judgment of this Court in the 2010 Case. *See, e.g.*, *Charles Schwab & Co. v. McEntee*, 225 N.C. App. 666, 671, 739 S.E.2d 863, 866 (2013) (order was a final judgment because ruling left "nothing to be judicially determined" among the parties in the trial court).

---

[5] Not only is this Court precluded from overruling Judge Jolly's 2013 Order because of North Carolina's long-standing rule that one Superior Court judge "may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action" *Calloway*, 282 N.C. at 501, 189 S.E.2d at 488, but here Judge Jolly's 2013 Order, entered in his capacity as an appellate court, is also binding as the law of the case. *See, e.g.*, *Lea*, 323 N.C. at 699, 374 S.E.2d at 868 ("A decision of [the Supreme Court] on a prior appeal constitutes the law of the case, both in subsequent proceedings in the trial court and on a subsequent appeal."); *Wrenn v. Maria Parham Hosp., Inc.*, 135 N.C. App. 672, 678 522 S.E.2d 789, 792 (1999) ("Where a question before an appellate court has previously been answered on an earlier appeal in the same case, the answer to the question given in the former appeal becomes 'the law of the case' for purposes of later appeals.") (emphasis omitted).

III.

CONCLUSION

{28} Based on the foregoing, the Court hereby **GRANTS** Respondent's Motion to Dismiss the 2015 Case and **DISMISSES** the 2015 Case, **GRANTS** Respondent's Motion for Entry of Judgment in the 2010 Case, and **ADOPTS** and enters as a **FINAL JUDGMENT** in the 2010 Case Judge Jolly's 2013 Order affirming the Original Final Agency Decision on the Deductibility Issue.

**SO ORDERED**, this the 20th day of June, 2016.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Special Superior Court Judge
 for Complex Business Cases